ROBERT K. WEHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN S. DEHART, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31379, 34920. Promulgated December 10, 1930.

*Benjamin H. Saunders, Esq., Brainard Avery, Esq.,* and *Jay E. Whiting, Esq.,* for the petitioners.

*P. A. Bayer, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The respondent, by applying the doctrine of constructive receipt, has included in the income of these petitioners for the years in question amounts in excess of those actually received as shown by the findings of fact; and from the revenue agent's report appearing in evidence the explanation for the respondent's action appears to be that, since the petitioners were officers and stockholders of the corporation and thus in control of its affairs, they were in position to elect whether or not they would receive the full amounts to which they ultimately proved to be entitled by the percentage method of measuring their salaries. This, however, leaves out of consideration the agreement clearly appearing from the evidence by which the petitioners were not to receive the amounts in excess of their drawing accounts until the net sales for the entire year to be used as the basis of the percentage computation could be definitely ascertained. This was after the close of the year. These petitioners were not in a position where they could demand and cause to be paid the full percentage amounts at their pleasure, or before the end of the year, and there is, therefore, no basis for saying that, although not actually, the amounts were constructively received.

It appears in evidence that the corporation upon its return deducted salaries of these petitioners in excess of the amounts shown by the petitioners as received. The income of the corporation, however, was computed upon an accrual basis, while that of the petitioners was, as stipulated by counsel, upon the basis of actual receipts. The inconsistency is, therefore, permissible and has no significance in the present issue. There are some inconsistencies and uncertainties in the evidence to show the amount of the salaries—the corporate tax returns, the corporate information returns, the corporate books, the oral testimony, and the respondent's determination show varying figures. In our opinion, however, the evidence justifies reliance upon the salary accounts appearing in the corporation's ledger, and the amounts stated in the foregoing findings of fact as actually received are taken from the debit side of those accounts.

The petitioner Wehner, having attacked the deficiency for 1925 upon another ground, withdrew his assignments of error as to this

year. The respondent, however, properly moved at the hearing to increase the deficiency for each of the years to the extent required by the findings of fact. This motion was, by reason of section 274 (e) of the Revenue Act of 1926, allowed, and our findings include the amount of salary properly to be included in Wehner's income for 1925.

*Judgment will be entered under Rule 50.*